UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

ARTHUR LOPEZ,

Defendant.

Case No. 99-cr-209-PP

**ORDER DENYING PLAINTIFF'S MOTION TO CHALLENGE COURT'S JURISDICTION PURSUANT TO ARTICLE III OF THE UNITED STATES CONSTITUTION (DKT. NO. 498)**

The defendant and several others were indicted in December 1999, charged with violating federal drug laws (including 21 U.S.C. §841(a)(1)—possession with intent to distribute and 21 U.S.C. §846—conspiracy), as well as with the federal offense of selling firearms to convicted felons (18 U.S.C. §922(d)(9)). Dkt. No. 1. On December 16, 2011, the defendant pled guilty to charges in a superseding indictment. Dkt. No. 466. Judge Charles N. Clevert, Jr. sentenced the defendant on June 22, 2012; Judge Clevert imposed a sentence of forty years' of incarceration, followed by five years of supervised release. Dkt. Nos. 475, 477.

On November 24, 2015—almost sixteen years after he was indicted, and three and a half years after he was sentenced—the defendant filed this motion, arguing that both the district court which sentenced him and the circuit court lacked jurisdiction over his case. Dkt. No. 498. It is not clear why the

1

defendant included the circuit court—presumably the federal Seventh Circuit Court of Appeals—in this motion; the docket does not indicate that the defendant ever appealed his conviction or sentence.

Be that as it may, the defendant argues that the district court did not have subject matter jurisdiction to hear his case, and asks the court to enter an order vacating the judgment against him. The court denies that motion.

The defendant is correct that the power and jurisdiction of federal courts comes from Article III of the United States Constitution. Section 2 of that Article states that that federal "judicial power shall extend to all cases, in law and equity, arising under the Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority." U.S. CONST. ART. III SEC. 2. As a result of this provision, the Congress of the United States passed 18 U.S.C. §3231. That statute provides, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against laws of the United States." In other words, §3231 "conveys subject matter jurisdiction in criminal cases to federal district courts." U.S. v. Anzaldi, 2013 WL 393326 at *2 (N.D. Illinois, January 31, 2013). This means that "subject matter jurisdiction in all federal prosecutions comes from 18 U.S.C. § 3231 and there is no question that Article III permits Congress to assign federal criminal cases to federal courts. *See United States v. Krilich*, 209 F.3d 968, 972 (7th Cir. 2000)." Id. at *3.

The defendant was charged in a federal indictment by a federal grand jury with violating federal drug and gun laws. Thus, his case is a federal

2

prosecution, and under both Article III and 18 U.S.C. §3231, the federal district court for the Eastern District of Wisconsin had subject matter jurisdiction over it.

The defendant's motion is eleven pages long, and cites many cases. All of the cases he cites, however, are *civil* cases. A *civil* case is a case in which one private party sues another private party. The question of whether a federal court has subject matter jurisdiction in a *civil* case can be a difficult and thorny one—there are all sorts of issues involved in determining a federal court's jurisdiction to hear a civil case. In contrast, both the framers of the Constitution and Congress made it clear that federal courts have original and exclusive jurisdiction over cases in which the United States government prosecutes someone for violating a federal criminal statute.

Because the defendant was charged by the United States in a federal indictment by a federal grand jury with violating federal criminal laws, this court had subject matter jurisdiction over his case under Article III and 18 U.S.C. §3231. The court must deny the defendant's motion.

3

The court **ORDERS** that the defendant's Motion to Challenge Court's Jurisdiction Pursuant to Article III of the United States Constitution is **DENIED**.

Dated in Milwaukee, Wisconsin this 2nd day of December, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

4

Case 2:99-cr-00209-PP   Filed 12/02/15   Page 4 of 4   Document 500