UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,             Case No. 99-cr-209-PP

        Plaintiff,

v.

ARTHUR LOPEZ,

        Defendant.

---

**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE APPEAL (DKT. NO. 517)**

---

On April 11, 2016, the court issued an order, denying the defendant's motion for a sentence reduction under Amendment 782 to the United States Sentencing Guidelines. Dkt. No. 514. When the defendant filed that motion, he was (and still is) representing himself; he is incarcerated.

Federal Rule of Appellate Procedure 4(b)(1)(A)(i) states that a criminal defendant who wishes to appeal must file his notice of appeal in the district court "within 14 days" of the entry of the judgment or order being appealed. That would have made the defendant's notice of appeal due somewhere around April 25, 2016.

On August 5, 2016, the court received two documents from the defendant. The first was a notice of appeal from the court's April 11, 2016 denial of his motion to amend sentence. Dkt. No. 516. The date the defendant signed that document was August 2, 2016. Id. at 4. The second, while it was titled "Notice of Appeal," actually contains an explanation of why the defendant

1

didn't file his notice of appeal until four months after the court denied his motion for a sentence reduction, and the court construes that document as the defendant's motion for an extension of time to file the notice of appeal. Dkt. No. 517.

In that motion, the defendant states that the court sent the order denying his sentence reduction "to Florence, Colorado to Defendant's father in error, as the names are the same and the case is the same case." Id. at 1. The defendant states that when his father, in Colorado, received the order, his father mailed the order to the defendant's family, who forwarded it to the defendant. The defendant argues that the court ought to consider his notice of appeal timely, because it was the court's fault, and not his, that he did not file his notice of appeal within the time required by Rule 4(b). Id.

Rule 4(b)(4) of the Federal Rules of Appellate Procedure provides that "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." So—a court must first determine whether the defendant's failure to timely file his notice of appeal was the result of "excusable neglect," or whether the court has "good cause" to extend the deadline. If it finds either of those two things, the court can extend the deadline for an additional thirty days beyond the original deadline.

With regard to the defendant's explanation of why he was so late in filing his notice of appeal: Case number 99-cr-2009 involved several defendants

2

whose last name was Lopez—nine, to be exact. One of those defendants was the defendant in this case—Arthur Lopez. Another of the defendants was named Arturo Lopez. According to the Bureau of Prisons' Inmate Locator Service, there is an inmate named Arturo Lopez who is currently housed at the administrative maximum penitentiary in Florence, Colorado. See https://www.bop.gov/inmateloc/. Judge Charles N. Clevert, Jr. sentenced defendant Arturo Lopez to life imprisonment, United States v. Arturo Lopez, 99-cr-2009-2 at Dkt. No. 358; the inmate housed at Florence is serving a life sentence. The court assumes, then, that Arturo Lopez, inmate number 05734-089, is defendant Arthur Lopez's father.

When the court received the defendant's notice of appeal and motion for an extension of time, the court enquired of the clerk's office to find out the address to which the clerk's office sent the court's April 11, 2016 order. The clerk's office indicates that it mailed the court's order to the defendant at the address that he'd put on his motion to reduce sentence—Lee County US Penitentiary, P.O. Box #305, Jonesville, VA 24263. See Dkt. No. 492 at 12. The court notes that the address the defendant put on his August 2, 2016 notice of appeal and motion for an extension of time was U.S. Penitentiary, Post Office Box 1000, Leavenworth, Kansas 66048. The court received the defendant's motion asking for a sentence reduction on April 20, 2015; it did not issue its ruling denying his motion for a sentence reduction until April 11, 2016—almost a year later.

3

The court suspects that in the year between the time he filed his motion and the time the court ruled on it, the defendant was moved from the Jonesville, Virginia facility to the Leavenworth, Kansas facility. If that is what happened, then when the court's decision arrived at the Jonesville, Virginia facility, the Bureau of Prisons staff would have had to figure out how to forward it to the defendant's new location. Perhaps the BOP got the defendant and his father mixed up. It seems unlikely—the defendant's father is listed in the Inmate Locator as "Arturo Lopez," and has register number 05734-089, while the defendant is listed in the Inmate Locator as "Arthur Lopez," and has register number 13884-045.

Regardless of how the mix-up occurred, however, the defendant argues—and the court has no reason to question him—that the court's order ended up in the hands of Arturo Lopez in Florence, and that by the time it got to Arthur Lopez at Leavenworth, his time for filing an appeal had long passed.

The fact that a party didn't receive the order from which he wants to appeal, through no fault of his own, certainly is good cause for extending the deadline for filing a notice of appeal. Unfortunately, the court cannot grant the defendant's motion—even though he has good cause for delay. Rule 4(b)(4) states that, even if a court finds good cause or excusable neglect, it can extend the appeal deadline by only thirty days. Thus, the court has the power to extend the defendant's April 25 appeal deadline by only thirty days; that would extend his deadline to May 25, and the defendant did not file his notice of appeal until August 3. Fed. R. of App. P. 26(b) prohibits a court from extending

4

the deadline for filing the notice of appeal beyond the thirty days provided for in Rule 4(b)(4).

The court, therefore, has no choice but to deny the defendant's motion for an extension of time to file his appeal. See United States v. Hirsch, 207 F.3d 928, 930-31 (7th Cir. 2000) (court had no choice but to dismiss appeal when neither the clerk's office nor the defendant's lawyer timely filed his notice of appeal, despite agreeing to do so). The court notes that the defendant still has two options—he can *timely* file an appeal from *this* order. He also can file a motion to vacate, correct or set aside his sentence under 28 U.S.C. §2255.

The court **ORDERS** that the defendant's motion for an extension of time to file his notice of appeal is **DENIED**. Dkt. No. 517.

Dated in Milwaukee, Wisconsin this 10th day of August, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

5

Case 2:99-cr-00209-PP   Filed 08/10/16   Page 5 of 5   Document 521