UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ARTHUR LOPEZ, JR.,

        Defendant.

Case No. 99-CR-209-pp
(Civil Case No. 17-CV-1088-pp)

## ORDER DENYING PETITION FOR WRIT OF *AUDITA QUERELA* (DKT. NO. 532)

On May 22, 2017 defendant Arthur Lopez, Jr. filed a petition under the All Writs Act, 28 U.S.C. §1651, for a "Writ of *Audita Querela*." (Dkt. No. 532). He argues that, at sentencing, the court did not make the findings required by Amendment 790 of the Sentencing Guidelines, and asks the court to correct his sentence. Id. at 15. He repeatedly asserts that the court should not re-characterize his motion as a motion for a sentence reduction under 18 U.S.C. §3582,[1] or as a civil motion to vacate, correct or set aside his sentence under 28 U.S.C. §2255. Id. at 5, 7-9. He also asks the court to appoint counsel to represent him in these post-conviction proceedings. Id. at 16.

On June 22, 2012, Judge Charles N. Clevert, Jr. sentenced the defendant to serve forty years in custody after his conviction for conspiracy to

---

[1] Section 3582(c)(2) allows a court to modify a previously-imposed term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" upon motion of the defendant, or on the court's own motion.

1

distribute controlled substances. Dkt. No. 475. The court entered judgment on July 6, 2012. Dkt. No. 477. The defendant did not appeal his conviction or sentence.

Now, almost five years post-judgment, the defendant argues that Judge Clevert erred in imposing that sentence, because he did not make any particularized findings on the record about relevant conduct. Dkt. No. 532 at 2-3. The defendant argues that that he was convicted of violating 21 U.S.C. §§841(a)(1) and (b)(1)(A) (conspiracy to possess with intent to distribute five kilograms or more of heroin), but that Judge Clevert determined his base offense level by cross-referencing §2A1.1, the first-degree murder guideline. Id. The defendant argues that Amendment 790 to the Sentencing Guidelines required Judge Clevert to make particularized findings about that relevant conduct, and that Judge Clevert did not do so. Id. at 3.

"[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." United States v. Carraway, 478 F.3d 845, 848 (7th Cir. 2007). The defendant's motion falls within the scope of §2255, which reads:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Because the defendant's motion asks the court to "CORRECT the Original Criminal Sentencing procedure in which this Court failed to make particularized findings under the THREE-STEP ANALYSIS of § 1B1.3(a)(1)(B) that have currently been CLARIFIED under AMENDMENT 790," dkt. no. 532 at 15, it falls within the ambit of §2255.

Why, then, is the defendant so insistent that his motion is *not* a §2255 petition? Why does he argue, several times, that the court should not characterize the petition as a § 2255 petition, and why does he insist on calling the petition a petition for a writ of *audita querela*? The court suspects it is because of the limitations period on §2255 petitions. Section §2255(f) imposes a one-year statute of limitations that runs from the latest of "(1) the date on which the judgment of conviction becomes final," or "the date on which the right asserted was initially recognized by the Supreme Court, if right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The defendant filed this petition nearly five years after Judge Clevert entered the judgment of conviction. Amendment 790 to the U.S. Sentencing Guidelines went into effect on November 1, 2015. See U.S.S.G. Suppl. to App'x C, Amend. 790. Thus, the amendment became effective sixteen months before the defendant filed this petition. Whether one considers the triggering event the

date of the judgment or the date that Amendment 790 went into effect[2], the defendant filed this petition too late.

To avoid that problem, the defendant goes to lengths to call his petition something other than a §2255 petition. He insists that it is a petition for a writ of *audita querela*. Naming his petition something other than a §2255 petition does not solve the defendant's statute of limitations problem. In 2004, the Seventh Circuit rejected this effort to get around the §2255 requirements by using different captioning. In Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004), the petitioner styled his request as a petition for a writ of *audita querela.* Id. at 856. The Seventh Circuit explained,

> The ancient writ of **audita querela**, long ago abolished in federal civil proceedings, see Fed. R. Civ. P. 60(b), has no apparent relevant to criminal sentences. *Black's Law Dictionary* 126 (7th ed. 1999), describes it as a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." [The defendant] is not a judgment debtor, and the territory of new facts and law is occupied for civil matters by Rule 60(b) and for criminal matters by Fed. R. Crim. P. 33 plus § 2255.

Id. (citation omitted). The court concluded, "[p]risoners cannot avoid the [§2255's] rules by inventive captioning." Id. (citations omitted).

---

[2] The court notes that Amendment 790 did not effect any policy change. See U.S.S.G. Suppl. To App'x C, Amendment 790. It "restructure[d] the guideline and its commentary to set out more clearly the three-step analysis the court applies in determining whether a defendant is accountable for the conduct of others in a jointly undertaken criminal activity under [U.S.S.G.] §1B1.3(a)(1)(B)." This was not a change in the law; it was a clarification of the existing law.

4

The defendant has filed an untimely §2255 petition, and seeks to avoid the statute of limitations by what the Seventh Circuit has called "inventive captioning." The court must dismiss his petition as untimely.

Because the court must dismiss the defendant's petition as untimely, the court need not reach his request that the court appoint counsel to represent him.

The court **DENIES** the defendant's petition under the All Writs Act, Writ of Error *Audita Querela*. Dkt. No. 532. The court **ORDERS** that the petition is **DISMISSED**, with prejudice.

Dated in Milwaukee, Wisconsin this 8th day of August, 2017.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**